UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAQUILLE SELLERS                                                              JURY TRIAL DEMANDED

v.                                             CASE NO. 3:05CV

BOYAJIAN LAW OFFICES, P.C.
JACK H. BOYAJIAN

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), l5 U.S.C. § l692; the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by l5 U.S.C. § l692k and 28 U.S.C. §133l and § 1367.

3. Plaintiff is a natural person who resides in CT.

4. Plaintiff is a consumer within the FDCPA.

5. Each Defendant is a debt collector within the FDCPA.

6. The Defendants have a place of business at 201 Route 17 North, 5th Floor, Rutherford NJ 07070. Neither defendant was licensed pursuant to chapter 669 Part XII of the Connecticut General Statutes when communicating with plaintiff in 2005 in an effort to collect a disputed personal debt to Ustelcom, purchased by InoVision.

7. Defendant Boyajian is an attorney licensed to practice in California who owns and operates Boyajian Law Offices.

8. Defendant Boyajian has been a principal of JBC & Associates, P.C., JBC &

Associates, Inc., JBC Legal Group, P.C. all of which have engaged in collection efforts in Connecticut without a license to do so.

9. In July, 2004, defendant Boyajian entered into a consent agreement with the Connecticut Banking Department, on behalf of two JBC enterprises, that they would not act as a consumer collection agency in Connecticut.

10. Defendant Boyajian has been sued in Connecticut for unlicensed collection activity. See, e.g., Goins v. JBC & Associates, P.C., 352 F. Supp.2d 262 (D. Conn. 2005); Goins v. JBC & Associates, P.C., 2004 WL 2063562 (D. Conn. 2004).

11. Despite his agreement with the Banking Department and ample other notice that neither he nor his company may collect in Connecticut without a consumer collection agency license, defendants sent demand letters to plaintiff at her Connecticut address in 2005.

12. Defendant Boyajian and his companies are the subject of numerous lawsuits based on their collection tactics, including threats of action which defendants cannot take. Thinesen v. JBC Legal Group, P.C., 2005 WL 2346991 (D. Minn. 2005); Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. 2005); Godfredson v. JBC Legal Group, P.C., 2005 WL 1993947 (E.D.N.C. 2005); Abels v. JBC Legal Group, P.C., 29 F.R.D. 152 (N.D. Cal. 2005); Dunaway v. JBC & Associates, Inc., 2005 WL 1529574 (E.D. Mich. 2005); Still v. JBC Associates, P.C., 2005 WL 1334715 (D.N.J. 2005); Abels v. JBC Legal Group, P.C., 227 F.R.D. 541 (N.D. Cal. 2005); Casden v. JBC Legal Group, P.C., 2005 WL 165383 (S.D. Fla. 2005); Defenbaugh v. JBC & Associates, Inc., 2004 WL 1874978 (N.D. Cal. 2004); Littledove v. JBC & Associates, Inc., 2001 WL 42199 (E.D. Cal. 2001); Littledove v. JBC &

Associates, Inc., 2000 WL 33141223 (E.D. Cal. 2001).

13. Defendants' letter listed numerous office locations, one of which is purportedly in Avon Connecticut, although no such office is listed with Connecticut's Secretary of State, Judicial Department, or Banking Department.

FIRST COUNT

14. In the collection efforts, each defendant violated the FDCPA, *inter alia*, § 1692e, -f, or -g.

SECOND COUNT

15. Within three years prior to the date of this action each Defendant engaged in acts and practices as to plaintiff in violation of the Consumer Collection Agency Act, § 36a-800 *et seq.* Conn. Gen. Stat.

16. Each Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive, including $1,000 statutory damages for each communication against defendant;
2. Award the plaintiff costs of suit and a reasonable attorney's fee;
3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY_/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

4