## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

SHAQUILLE SELLERS,                    :
                                      :
          Plaintiff,                  :
                                      :
v.                                    :        3:05-cv-1833 (WWE)
                                      :
BOYAJIAN LAW OFFICES, P.C.            :
and JACK H. BOYAJIAN,                 :
                                      :
          Defendants.                 :

### RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This action arises from a case concerning alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, on the part of defendants Boyajian Law Offices, P.C. and Jack H. Boyajian.  The case resulted in an accepted Offer of Judgment of $2,000.00 and now plaintiff Shaquille Sellers moves this Court to award attorneys' fees and costs.  Defendants oppose the amount in question and argue that plaintiff applies an improper lodestar method in her calculations and includes hours spent on tasks unnecessary for the preparation of her case.


### DISCUSSION

In any successful action pursuant to the FDCPA, the prevailing party is entitled to an award of costs and reasonable attorneys' fees at an amount as determined by the court. 15 U.S.C. § 1692k(a)(3).  In order for the court to arrive at an appropriate amount, it applies the "lodestar method."  This method allows the court to calculate the award amount by the number of hours expended on the matter multiplied by a

1

reasonable hourly rate. Goins v. JBC & Associates, P.C., 2006 WL 540332, *1 (D.Conn).[1]  "The 'lodestar' figure should be in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997).  The "community" considered when determining the lodestar figure is usually established by the standards existing in the district in which the court sits. Id.  The Court will consider the lodestar figure in relation to the District of Connecticut.

Plaintiff has requested a fee award of $3,715.00: attorneys' fees calculated by 9.9 hours at a rate of $350 per hour ($3,465.00), plus costs amounting to $250. Defendants argue that this amount is unreasonable, claiming that the hourly rate of $350 is excessive and that the hours spent to draft the scheduling order and to investigate defendants' Connecticut office should be excluded from the Court's calculations.[2]

Plaintiff asserts that the hourly rate of $350 is reasonable in light of the rate charged by other attorneys of similar skill, experience, and reputation practicing in the

---

[1] Goins involved the same plaintiff's counsel and defendant company of which present defendant Jack H. Boyajian is a principal. It was a fee dispute action, as is the instant matter.

[2] Specifically, defendants claim that plaintiff's reference to 1.65 hours for "sked" is unclear.  However, plaintiff's counsel's affidavit clarifies that "sked" refers to the preparation of the scheduling order.  The Court finds this clarification sufficient and will consider the inclusion of hours expended on the scheduling order as part of its calculation. Defendants also argue that plaintiff's investigation as to its Connecticut office was unnecessary. The Court finds this argument unavailing.  Part of plaintiff's claim is that defendants provided misinformation regarding the existence of this office. This question of credibility was unquestionably part of plaintiff's case.  The Court will include the hours designated for this purpose as well.

District of Connecticut.  In support of this claim, plaintiff's counsel submitted an affidavit outlining other attorneys' level of experience and fees.  The Court finds this evidence unavailing as to an award of $350 per hour.  By her own admission, the two attorneys she cites for 2005 charged a rate of $300 per hour.  By arguing that these are comparable statistics, counsel is dictating her own rate as such. The Court will find that $300 is a reasonable billing rate.  Additionally, in March 2006, the District Court of Connecticut found that plaintiff's counsel was entitled to a rate of $300.  <u>Goins v. JBC & Associates, P.C.</u>, at *2.  It is reasonable that the same rate be applied now, a mere three months later.

Plaintiff also argues that the hours defendants object to are hours expended pursuant to a significant part of the case.  Finding the number of hours expended on the necessary preparation of the fee schedule and the relevant investigation of defendants' Connecticut office (1.65 hours and 3 hours, respectively) reasonable in light of the subject matter at hand, the Court will find that the total of 9.9 hours spent on this case to be reasonable as well.

3

## CONCLUSION

For the foregoing reasons, plaintiff's motion for the award of attorneys' fees and costs [Doc. #14] is GRANTED as to the number of hours expended and DENIED as to the rate of $350 per hour.   Accordingly, the Court will grant an award of $3,220.00, comprised of $2,970.00 in fees and $250 in costs.

SO ORDERED this 14 day of June, 2006, at Bridgeport, Connecticut.

Warren W. Eginton
Senior United States District Judge

4